**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4074**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HOWARD WILLIAM LEDFORD,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Dennis L. Howell, Magistrate Judge. (1:09-mj-00066-DLH-1)

Submitted: July 14, 2010         Decided: July 26, 2010

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles R. Brewer, Asheville, North Carolina, for Appellant. Ignacia S. Moreno, Assistant Attorney General, Shennie Patel, John L. Smeltzer, Robert J. Lundman, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Howard William Ledford pled guilty, pursuant to a plea agreement, to two counts of violating the Lacey Act, 16 U.S.C.A. §§ 3372(a)(2)(B), 3373(d)(2) (West Supp. 2010), by knowingly transporting, selling, receiving, acquiring and purchasing ginseng in violation of North Carolina law. The district court sentenced Ledford to twelve months' imprisonment, one year of supervised release, and a $50,000 fine. On appeal, Ledford argues that the district court erred in finding itself bound by the plea agreement in determining Ledford's sentence, and that he received ineffective assistance of counsel.

The Government asserts that Ledford validly waived the right to appeal his sentence in the plea agreement. Whether a defendant effectively waived his right to appeal pursuant to a plea bargain is an issue of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Where the government seeks to enforce an appeal waiver and the appellant does not contend that the government is in breach of the plea agreement, a waiver will be enforced if the record shows the waiver is valid and the challenged issue falls within the scope of the waiver. Id. An appeal waiver is valid if it is "the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks omitted). To

2

decide whether a defendant's waiver results from a knowing and intelligent decision, a court must examine "'the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)). Generally, if the district court "sufficiently explained the waiver to the defendant" at his Fed. R. Crim. P. 11 proceeding, the waiver is both valid and enforceable. See United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). An appeal waiver does not preclude challenges to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor like race, or claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Our review of the record leads us to conclude that Ledford knowingly and voluntarily waived the right to appeal his sentence. See Blick, 408 F.3d at 169. Moreover, the sentencing challenges Ledford raises on appeal fall within the scope of the waiver. Therefore, we decline to address these claims.

Next, Ledford alleges that he received ineffective assistance of counsel in the negotiation and execution of his plea agreement. Claims of ineffective assistance of counsel

3

"generally are not cognizable on direct appeal . . . . unless it conclusively appears from the record that defense counsel did not provide effective representation." United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Rather, to allow for adequate development of the record, a defendant must bring his claim in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). As this record does not conclusively establish that Ledford's counsel was ineffective, we decline to consider his allegation of ineffective assistance of counsel at this juncture. The claim may be raised, however, in a § 2255 motion.

For the reasons stated above, we affirm Ledford's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4